## DURRETT v. BUXTON.

### Opinion delivered January 30, 1897.

COUNTY CONTRACT—BUILDING OF COURT HOUSE.—The special act authorizing the county court to make an order for the building of a court house or jail whenever it shall think it expedient to do so (Sand. & H. Dig., §§ 839, 841) was not repealed by Sand. & H. Dig., § 1279, subsequently enacted, providing that "no county court or agent of any county shall hereafter make any contract on behalf of the county unless an appropriation has been previously made therefor, and is wholly or in part unexpended."

COUNTY TAX—APPROPRIATION.—The tax levied to build a court house is a special tax levied for a specific purpose, and the money arising therefrom becomes an appropriation by law for such purpose, and no other appropriation is required under Const. 1874, art. 16, § 12, providing that no money shall be paid out of the treasury until the same shall have been appropriated by law.

Appeal from Pike Circuit Court.

WILL P. FEAZEL, Judge.

*J. H: Crawford* for appellants.

A contract to build a court house without an appropriation therefor, in dollars and cents, is invalid. Sand. & H. Dig., secs. 1279, 1276, subd. 1, 1278, 1277, 6418; Const. 1874, art. 16, secs. 12, 13, and art. 5, sec. 29; 34 Ark. 307–310; 61 *id.* 74; 54 *id.* 645, 657, 659. As to what is necessary to constitute an appropriation, see 106 Cal. 113. See also 30 Ark. 609, 612; Cooley, Taxation, p. 280. The contract is illegal, and appellees are chargeable as trustees of the county's funds. 52 Ark. 545; 50 *id.* 447, 452; 59 *id.* 344, 357.

*W. C. Rodgers* for appellees.

There *was* an appropriation by the county court. One and a half mills were levied by the levying court to build the court house. This was a direct appropriation of the sum raised in dollars and cents to that purpose, and it could *be used for no other*, and 54 Ark. 645 does not militate against this contention. See 61 Ark. 74; 30 *id.* 609. Appellants are estopped, 3 De Gex, M. & G. 304, 310, 311; 74 Ind. 409, 413, 414; High, Inj. (2d Ed.) sec. 7; 26 Ga. 117, 120; 5 Ark. 107, 110; 115 Md. 613, 620; 3 Beav. 133; 12 *id.* 1, 3. The court house has been completed, and the injunction would be futile. 58 Mich. 286; 12 Fla. 100, 101, 26; 2 Green, Chancery (3 N. J. Eq.), 141, 146; 79 Ind. 109; 70 N. Y. 518; 43 Ill. App. 25, 30; 68 Ill. 121; 81 Cal. 148; 12 So. Rep. 834; 16 Wis. 692.

BATTLE, J. The court house of Pike county having been destroyed by fire, the county court of that county, composed of the county judge and justices of the peace, while sitting for the purpose of levying taxes and making appropriations, at the October term in 1895, levied on the taxable property of the county one and a half mills on the dollar for rebuilding the same. No other levy or appropriation for that purpose was made

by the levying court. Having determined to rebuild, the county court, at its April term in 1896, appointed a commissioner to prepare plans and specifications for the building, and to advertise for bids, which was done. Buxton & Wright, being the lowest bidders, were awarded the contract for $2,698.50, to be paid in specified instalments; all of which acts and doings were done under the order of the court, and were by it approved. This action was brought to prevent the building of the court house under this contract. On a final hearing the complaint was dismissed, and the plaintiffs appealed.

The validity of the contract for the building is assailed on the ground that there was no appropriation made by the county court, when organized for levying taxes and making appropriations, for such a purpose. This attack is based on section 1279 of Sand. & H. Dig., which provides: "No county court or agent of any county shall hereafter make any contract on behalf of the county unless an appropriation has been previously made therefor and is wholly or in part unexpended." <span class="margin">Validity of contract for building court house.</span>

The applicability of this section to the case before us will be better understood by an examination of other sections of the act of March 18, 1879, of which it is a component part. After providing for the organization of the court for the levying of taxes and making appropriations, the act provides that the county judge shall submit a written report of "the condition of the poor house and the terms upon which the same may have been let out, and all other matters of a public nature connected therewith, and the condition of all of the public property of the county, including public buildings and records, and shall make such recommendations as may seem good to him, or as may have been submitted by the grand jury of the county." After this the act provides

that the court shall proceed to the making of appropriations for the expenses of the county or district for the current year in the following order:

"1. To defray the lawful expenses of the several courts of record of the county or district, and the lawful proceedings in magistrates' courts, stating the expenses of each of said courts separately.

"2. To defray the expenses of persons accused or convicted of crime in the county jail.

"3. To defray the expenses of making the assessment and tax books and collecting taxes on real and personal property.

"4. To defray the lawful expense of public records of the county or district.

"5. To defray the expense of keeping paupers of the county or district.

"6. To defray the expense of building and repairing public roads and bridges and repairing and taking care of public property.

"7. To defray such other expenses of county government as are allowed by the laws of this state": and that "the court shall specify the amount of appropriations for each purpose in dollars and cents, and the total amount of appropriations for all county or district purposes for any one year shall not exceed ninety per cent. of the taxes levied for that year." Sand. & H. Dig., secs. 1276, 1277.

Under so much of the act as we have copied into this opinion it has been held by this court that a contract for building a county turnpike or bridge, made without a previous appropriation therefor by the levying court, is void. *Wiegel* v. *Pulaski County*, 61 Ark. 74; *Fones Hardware Co.* v. *Erb*, 54 Ark. 645. In the last case cited, which involved the building of a bridge, and to some extent the construction of the act, the court said : "It

is the policy of the act to require the concurring judgment of the levying court and of the county judge that a bridge should be built, before a contract for building it can be made. When the levying court makes an appropriation to pay for one, that signifies its favorable judgment; and the county judge may afterwards signify his by letting the contract. * * * * While we think that a contract cannot be made before there has been an appropriation for it, we do not think that, when an appropriation has been made, the contract will be limited to the amount appropriated. When the levying court appropriates any sum for the work, that signifies' their judgment that the work should be done, and the county judge may then proceed to contract for it without further consulting them, the only limitations upon his power being found in other directions."

But in the act of March 18, 1879, although it undertakes to specify for what purposes appropriations shall be made, there is no mention of the building of court houses. The clerk, sheriff, treasurer and county judge of the county are required by it to make written reports for the purpose of furnishing information to the levying court to aid it in discharging its duties. The county judge is required to report the condition of the poorhouse, and all other public property of the county, including public buildings. Upon this information the levying court is only required to make an appropriation to defray the expenses of "repairing and taking care of public property." The failure to expressly provide for the building of court houses and jails is significant, and can be reasonably accounted for only on the theory that the legislature was of the opinion that the special act upon the subject then in force made sufficient provision, and that it intended that the special act should remain unrepealed.

Previous to March 18, 1879, when the act under consideration was enacted, there was a special act in force which provides that "there shall be erected in each county, at the established seat of justice thereof, a good and sufficient court house and jail," and that "whenever the county court shall think it expedient to erect any of the buildings aforesaid (court house and jail), the building of which shall not be otherwise provided for, and there shall be sufficient funds in the county treasury which may be appropriated to the erection of county buildings, or which are not otherwise appropriated, or if the circumstances of the county will permit such a court to levy a tax for the erection of buildings, such court may make an order for the building thereof, stating in such order the amount to be appropriated for that purpose;" and then provides how it shall be built. Sand. & H. Dig., secs. 839, 848. This act explains the failure of the former act to make express provision for the building of court houses, upon the theory we have stated.

Section 9 of the act of March 18, 1879, which is section 1279 of Sandels & Hill's Digest, which requires an appropriation before a contract can be made by the county court, does not repeal the special act. According to the interpretation of it in *Fones Hardware Co.* v. *Erb, supra,* it does not apply to those contracts the duty to make which is imposed by law upon the county court. It will hardly be reasonable to suppose that the legislature would require the permission of the levying court to make a contract which it had already made the bounden duty of the county court to enter into and perform. Its object is to prevent the county court from making unnecessary, improvident, and ruinous contracts. (*Fones Hardware Co.* v. *Erb,* 54 Ark. 645, 658; *Worthen* v. *Roots,* 34 Ark. 356, 369.) The building of court houses and jails are not the subjects of such contracts.

The special act referred to comes within the rule stated in *McFarland* v. *State Bank*, 4 Ark. 415, and approved in *Chamberlain* v. *State*, 50 Ark. 132, 138, and for that additional reason is not repealed by the act of March 18, 1879. Bishop on Written laws, secs. 126, 156; Sutherland, Statutory Construction, secs. 158, 159; Endlich, Interpretation of Statutes, secs. 223, 233.

Appellants rely on section 12 of article 16 of the Constitution of 1874, which provides: "No money shall be paid out of the treasury until the same shall have been appropriated by law." The tax levied to build a court house by the Pike county court was a special tax levied for a specific purpose, and cannot be lawfully used for any other. The money arising from the collection of it became an appropriation by law for the purpose for which it was levied. *Worthen* v. *Roots*, 34 Ark. 360.

*Necessity of appropriation.*

We therefore find that the contract in question is not affected by section 1279 of Sand. & H. Dig., or the act of March 18, 1879.

Decree affirmed.