BOWMAN *v.* FRITH.

Opinion delivered January 14, 1905.

| | |
|---|---|
| 73 | 523 |
| d77 | 256 |
| 73 | 523 |
| 80 | 283 |
| 73 | 523 |
| 87 | 434 |

1. COUNTY COURT—AUTHORITY TO BUILD COURTHOUSE.—Under Kirby's Digest, § 1025, a county court may, when circumstances require and the county funds admit it, build a court house, although no appropriation for that purpose has been made by the quorum court. *Durrett v. Buxton,* 63 Ark. 397, followed. (Page 526.)

2. COUNTY CONTRACTS—IRREGULARITY—REMEDY OF TAXPAYER.—If a county court has proceeded irregularly in the exercise of its constitutional jurisdiction to make a contract for the building of a court house, citizens, residents and taxpayers have a remedy to correct such irregularity by becoming parties to the proceeding and appealing to the circuit court; but a bill in equity will not lie to restrain the making of such a contract for irregularity merely. (Page 527.)

Appeal from Prairie Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Affirmed.

*J. W. & M. House,* for appellant.

The county court had no power to make the contract in this case. 54 Miss. 670; 61 Ark. 74; 44 Pac. 324. The county court had no power to let a contract to repair the court house, in excess of the appropriation. 34 Ark. 369; 36 Ark. 641; 53 Ark. 287; Sand. & H. Dig. § 848. As to the distinction between power to build a court house and jail and to make other contracts. *Cf.* Sand. & H. Dig. § § 839-884 and 1271-1284. See, also, 63 Ark. 402; 54 Ark. 645. The contract to repair the court house is void, and the order of the county court authorizing the payment of the expenses for same is void because there is no limit fixed as to amount or direction as to what funds are to be used, nor any appropriation of particular funds for the purpose. Const. Ark. art. 16, § § 11, 12; 66 Ark. 82; 53 Ark. 287. As to procedure under former statute (Act April 28, 1873), see: 28 Ark. 518; *Ib.* 317; 27 Ark. 603; 30 Ark. 557. The contract is void for the further reason that it provides for changes and modifications without in any way limiting or defining same. 54 Ark. 645; 6 Neb. 204; Const. Ark. art. 19, § 16; Sand. & H. Dig. § § 848, 871; 27 Fed. 495; 113 Cal. 628. The contract is void for the further reason that it is against public policy, in that it has a tendency to induce fraud upon the rights of the public or the violation or neglect of public duties. 25 Ark. 209; 32 Ark. 619; 34 Ark. 762; 34 Ark. 684; 32 Miss. 152; 90 Am. Dec. 537; 12 Ia. 398; 11 Ia. 133; 47 Me. 471; 24 L. R. A. 206; 50 Ark. 447; 60 Fed. 240; 80 N. Y. S. 811; 92 N. W. 763. A contract to "repair" a court house does not authorize the destruction of the old house and the building of a new one. See, as to proper construction of contract to repair; 24 Am. & Eng. Enc. Law (2d Ed.), *verbo* "repair;" 22 L. R. A. 402, 412; 111 Ia. 312-14; 144 N. Y. 444; 70 Ia. 173; 113 Ind. 302-4; 63 Pa. St. 166; 63 N. E. 864; 34 Mich. 78; 85 Mo. 263; 69 Am. St. Rep. 436; 31 Wis. 648;

32 N. E. 307; 29 How. Pr. 429; 24 N. J. Eq. 358; 50 N. J. L. 523; 57 S. W. 790; 9 Wall, 50; 70 Ia. 173; 113 Ind. 302; 113 Cal. 628. That injunction is the proper remedy, see: 54 Ark. 645; 34 Ark. 369; 46 Ark. 471; 4 Ark. 302; 53 Ark. 287.

*J. H. Harrod,* for appellees.

The court correctly sustained the demurrer to the complaint, it not appearing that the proceedings of the county court were had without authority of law. 54 Ark. 645. The county court had full power to act in such a case, and to make the contract and order. Const. Ark. art. 7, § 28; *Ib.* art. 19, § 16; Sand. & H. Dig. § § 1173, 855, 1279. The judgments and orders of the county court in such matters are not open to collateral attack. 55 Ark. 275; 9 Wall. 23; 1 Bl. Judg. § 246; 22 L. R. A. 402; 28 Gratt. 879; 59 Ark. 483.

HILL, C. J. This is a suit in chancery by a resident and taxpayer of Prairie County to enjoin the erection of a court house under a contract which called for certain "alterations, additions and repairs" to the old court house. The complaint was met by demurrer, which was sustained, and the ruling thereupon brought here to review.

In brief, the allegations of the complaint are: The levying or quorum court of Prairie County at its October, 1903, term appropriated $2,500 for court house purposes for the current year. Following this order and reciting it, the county court at its April, 1904, term made an order appointing a court house commissioner, who was ordered to present to the court plans and specifications for repairing the court house at Des Arc, the county seat of Prairie County. The commissioner, Frith, accepted the appointment, took the oath of office, and entered on the discharge of his duties.

The commissioner reported a contract with an architect for plans and specifications for additions, alterations and repairs, and to supervise the construction thereof. The contract was approved, and notice of a public letting of a contract for the construction of these additions, alterations and repairs according to specifications and plans was given. Four separate bids for the contract were offered, and the contract was awarded the

lowest bidder at the sum of $29,375, and a bond in the sum of $58,750 was taken. This contract was approved by county court, and the bond accepted by it. Immediately thereafter this suit was brought to enjoin its execution. The complaint alleges, and the plans, specifications and contract clearly establish, that the contract, in effect, was for the construction of a new court house, and not the repair of the old one. The old court house was a structure costing, when erected, some twenty years ago, about $12,000 or $15,000. It is further alleged that, as a pretext for calling the construction "repairs," the north and east walls were to be retained and the new building constructed with these walls as a nucleus, and then, under a clause in the contract providing for modifications of the plans, these walls were to be taken down, and new ones substituted at a cost of several thousand dollars. In brief, a new court house, costing approximately $35,000, was to be erected. Can a suit be maintained in the chancery court to restrain the execution of this contract is the question presented in this case. It was settled in *Fones Bros. Hardware Co.* v. *Erb,* 54 Ark. 645, that a taxpayer may maintain a suit to cancel a void contract for a public improvement, and therefore this case hinges upon whether the contract in question was a void contract.

It is manifest and apparent that the contract cannot be treated for what it purports to be, that is, a contract for additions, alterations and repairs to the old court house. The law looks to the substance, not the name, and finds this a contract for what is really intended, an elegant and commodious new courthouse. Had the county court authority to make it?

It is settled law, as to certain public contracts, that when the quorum or levying court makes an appropriation for the subject, it thereby signifies its favorable judgment for it, and the county judge may afterwards signify his favoring judgment by contracting for it, and the contract may exceed the amount appropriated. *Fones Bros. Hardware Co.* v. *Erb,* 54 Ark. 645; *Wiegel* v. *Pulaski County,* 61 Ark. 74; *Durrett* v. *Buxton,* 63 Ark. 397.

The county judge evidently proceeded in this case under that rule, treating the appropriation of $2,500 as one for repairs to the old court house, and contracting beyond the amount thereof

as he was authorized to do in making repairs. But this contract is not one for repairs, and therefore cannot be sustained on this ground. The case of *Durrett* v. *Buxton,* 63 Ark. 397, is a careful review and explanation of the statutes on this subject, and it is therein pointed out that the statutes construed in the cases above cited requiring an appropriation from the levying court as a basis for a contract do not apply to the construction of court houses, which are controlled by another statute, towit, sections 1009-1025, Kirby's Digest. That case is reviewed and approved in *Hilliard* v. *Bunker,* 68 Ark. 340. This statute requires no previous appropriation by the levying court, and gives the county court authority to erect a good and sufficient court house· whenever it shall consider it expedient to erect it under the following limitations: When there shall be sufficient funds in the county treasury which may be appropriated to the erection of county buildings, or which are not otherwise appropriated, or if the circumstances of the county will permit such court to levy a tax for the erection of such building, such court may then make the order for the building, stating in the order the amount to be appropriated therefor. Kirby's Digest, § 1025, part of said statute, gives the county court power, from time to time, to alter, repair or rebuild any county building, and to cause other necessary buildings and fixtures to be erected, as circumstances may require and the funds of the county admit. This court having held that this is the statute applicable to the building and rebuilding court houses, the power of the county court must be measured by it. It is clear that the action of the county court in ordering this new court house and approving the contract therefor was within its jurisdiction as defined in these two decisions of this court.

If in any way the county court has proceeded irregularly in the exercise of its constitutional jurisdiction, citizens, residents and taxpayers have a remedy to correct such errors by becoming parties to the proceeding and then appealing to the circuit court from the order·to which they object. They are then the "party aggrieved" entitled to appeal therefrom under section 1487, Kirby's Digest. Counsel cite *Armstrong* v. *Truitt,* 53 Ark. 287, as an authority preventing appellant having a right to appeal, but that case only holds that a citizen, resident and taxpayer

who has not become a party cannot appeal from the action of the court accepting an offer to build a jail. In case of allowances for or against counties the appeal may be taken either by a party aggrieved or a citizen or resident and taxpayer who may intervene. Const. 1874, art. 7, § 50. This is the effect of that decision, and it is not in conflict, but in entire accord, with the numerous and recent cases holding that citizens may become parties to public concerns of the county and appeal from orders therein.

The county court is vested with exclusive jurisdiction of the subject-matter of county buildings, and the exercise of that jurisdiction cannot be restrained by a chancery court for errors, irregularities or mistakes of law or fact in the making of contracts relating thereto. As hereinbefore stated, the contract must be void before chancery court can interfere.

In *Fones Bros. Hardware Co.* v. *Erb*, 54 Ark. 645, this rule, stated in 2 High on Injunctions, § 1251, was approved. "In such cases a distinction is properly drawn between the exercise of an unquestioned power over the subject-matter, within whose limits the discretion of municipal bodies will not be interfered with, and an absence or excess of power rendering the action of the municipality void. There is not an absence or excess of power here which rendered the contract void; therefore an injunction will not lie to restrain the execution.

The decree is affirmed.