KLINGENSMITH *v.* LOGAN COUNTY.

Opinion delivered December 21, 1914.

COUNTY COURT—JAIL—CONTRACT WITH ARCHITECT—ENFORCEABILITY OF CONTRACT.—A county judge made a contract with an architect to draw plans for a county jail, but no order of the county court appointing an architect was made, nor was any appropriation ever made to pay for the work. *Held,* although bids were taken and a contract let, the architect was not entitled to any compensation under his contract with the county judge.

Appeal from Logan Circuit Court, Northern District; *Jeptha H. Evans,* Judge; affirmed.

STATEMENT BY THE COURT.

This cause was tried upon the following agreed statement of facts:

"The county judge of Logan County determined to build a jail at Booneville and employed A Klingensmith, an architect of Fort Smith, to draw the plans and specifications and to superintend it. He was to receive 3 per cent for drawing plans and specifications and 2 per cent for superintending it. Mr. Klingensmith did the work of drawing plans and specifications and letting the contract. Based on a low bid, his agreed compensation for this was to be 3 per cent of the low bid, which amounted to $210. The county judge made an order for the building of the jail September 17, 1912, but at no time did either the county court or the quorum court of Logan County make any appropriation for the building of the jail, and the question to be raised by this appeal is the right of the architect to recover for his work when no appropriation whatever was made by the county court or quorum court, notwithstanding he did the work under the directions of the county judge, and there is no county court order appointing him as architect, but there is one approving his plans."

Appellant requested the court to make a declaration of law predicated upon the above statement which was to the effect that appellant was entitled to a judgment for the amount sued for. The court refused to make this declaration of law, but upon the contrary, made a finding in favor of the county, and this appeal has been duly prosecuted.

*Vincent M. Miles,* for appellant.

The county court may authorize the building of a jail and approve a contract therefor without any previous appropriation by the levying court. Kirby's Dig., § 1011; 93 Ark. 11; 63 *Id.* 397; 73 *Id.* 523; Const. 1874, art. 16, § 12.

*J. D. Benson,* for appellee.

It should appear of record (1) that the county court authorized the building of the jail; (2) that there

were sufficient funds available for the purpose; (3) that the circumstances would permit the court to levy a tax to build the jail, and (4) that a proper order be made upon the above three matters *of record*. Kirby's Digest, § 1011; 93 Ark. 11; 63 *Id.* 397; 73 *Id.* 523.

SMITH, J., (after stating the facts). It was decided in the case of *Sadler* v. *Cravens*, 93 Ark. 11 (to quote from the syllabus in that case) that "Kirby's Digest, § 1011, authorizing the county court to build a courthouse or jail whenever it shall think it expedient to do so, was not repealed by the subsequent statute (Kirby's Digest, § 1502), providing that 'no county court or agent of any county shall hereafter make any contract on behalf of the county unless an appropriation has been previously made therefor, and is wholly or in part unexpended.' "

Upon the authority of this case, the county court can order the construction of a jail even in the absence of any order to that effect by the quorum court, or of any appropriation by that court. And it may be true that the power of the county court to contract for the construction of a courthouse or a jail through proper orders of that court implies the power to make a preliminary contract with an architect for the preparation of plans for such buildings. But we are not required here to decide whether the county court has the right to make this preliminary contract with the architect where it has made no order determining the necessity for the construction of such building and its purpose to build it. We must assume that the terms employed in the agreed statement of facts are not used colloquially, but in their technical sense. This statement recites that the county judge did certain things, and the county court did certain other things, and this distinction shows those terms were employed advisedly. The county judge, and not the county court, made an order for the building of the jail, and there was never any appropriation by either the county court or the quorum court for that purpose. It does not appear that the county court undertook to make any contract with appellant for the preparation of these plans, al-

though such a contract was made by the county judge. The agreed statement of facts recites that appellant did the work under the directions of the county judge, but there was no county court order appointing him architect for that purpose. There is the recital, however, that the county court made an order approving his plans, and this is the only order of the court upon which appellant could predicate any cause of action against the county. But the majority of the court think this order approving the plans did not make a contract, because it did not order the construction of the jail, nor did it undertake to bind the county to make any use of these plans. We can not interpolate anything into this agreed statement of facts which will add any validity to the recital that there was an order of the court approving the plans. That order does not undertake to bind the county to pay for these plans, and the judgment of the court below will, therefore, be affirmed.