THOMPSON *v*. MAYO.

Opinion delivered July 1, 1918.

1.  COUNTIES—EXPENSES—CONSTRUCTION OF COURT HOUSE.—The act governing the building of court houses, Kirby's Digest, § § 1009 to 1025 inclusive, is not repealed or affected by the act of March 18, 1879 (Kirby's Digest, § § 1499, 1500), which latter act relates to and governs only the current or ordinary expenses of the county.

2.  COURTHOUSE—CONSTRUCTION—POWER OF QUORUM COURT—COST.—Act 217, Acts of 1917, invests the quorum court with power to make an appropriation for building a court house in any sum it may deem proper regardless of the amount of taxes which may be levied in any one year in the county.

Appeal from Poinsett Circuit Court; *Benj. Harris,* Special Judge; affirmed.

*Hawthorne & Hawthorne, J. G. Waskom* and *J. F. Gautney,* for appellants.

1.    Under Act 217, Acts 1917, the quorum court is vested with exclusive jurisdiction to make appropriations for all county purposes and can not make an appropriation which exceeds ninety per cent. of the taxes levied in any one year.    The $100,000 appropriation is, therefore, excessive and void.    Act 217, Acts 1917; Kirby's Dig. § 1494, as amended by Acts 1911, p. 188; Kirby's Dig. § § 1510-11-12, 1502.

2.    Sections 1510 and 1511, Kirby's Digest, are repealed by Act 217.    63 Ark. 397; 68 *Id.* 340; 73 *Id.* 523; 91 *Id.* 11.

3.    Kirby's Digest, § 1500, is a limitation upon the power of the quorum court to appropriate money to build a court house or for any other purpose. *Ib.,* § § 1009-10-12, 1025; 40 Ark. 548; 47 Cal. 488; 34 Ark. 307; 80 *Id.* 280; 97 *Id.* 465.

4.    This is a direct proceeding, and, in view of the amendments in Act 217, the quorum court can not appropriate for all purposes an amount in excess of 90 per cent. of the total taxes levied in any one year. Kirby's Dig. § § 1510, 11-12, etc., were repealed by the Act 1917. Prior to the act the county court could appropriate money for building court houses, etc., but now it has no authority until after the quorum court has appropriated money for the purpose and can not contract for an amount in excess of such appropriation.    There is a limit on the power of the quorum court.    Kirby's Dig. § 1500; 31 L. R. A. 794; 62 Cal. 641; 87 Ill. 395; 13 L. R. A. 247; 32 U. S. (L. ed.) 1060.

5.    An appropriation to build a court house is not a public necessity, under § 1500, Kirby's Dig; 31 L. R. A. 794; 62 Cal. 641; 74 *Id.* 258.    See also 23 L. R. A. 402-7; 35 *Id.* 686; 68 *Id.* 300; 13 *Id.* 244; 105 Ill. 138, 215; 51 Iowa, 385; 26 Mo. 272; 87 *Id.* 246; 80 S. W. 263; 37 L. R. A. (N. S.) 1045; *Ib.* 1054; *Ib.* 1054-8.

6. The appropriation is void as being in excess of the limitation prescribed by law. 117 S. W. 301; 12 N. W. 437; 72 *Id.* 35; 36 Ia. 396; 81 N. W. 476; 10 W. Va. (14 S. E. 279); 59 N. W. 488; 76 N. W. 850; 113 S. W. 824; 248 Fed. 93. The amendment of sections 1494 and 1502, together with the repeal of sections 1011-12, etc., did not repeal section 1500. It still limits the appropriation to build a court house. It is not repealed by implication. 10 Ark. 588; 31 *Id.* 17; 57 *Id.* 508; 65 *Id.* 508; 80 *Id.* 411; 82 *Id.* 302; 112 *Id.* 437; 17 L. R. A. 685 (690).

*Lamb & Frierson,* for appellees.

1. Act 217, Acts 1917, p. 1184, is a special act and repeals section 1011, Kirby's Dig. The limitation to 90 per cent. does not cover nor affect permanent improvements, but only applies to ordinary expenses and not to building court houses. Acts 1879, Act 67, p. 112; Kirby's Dig. § 1011, etc.; Rev. St. ch. 36, and Act April 16, 1873; 63 Ark. 397; 68 *Id.* 340, 347; 73 *Id.* 523-7; 93 *Id.* 11.

2. Repeals by implication are not favored. § 1011 is not expressly repealed nor by implication necessarily. The only limitation of chapter 35 by the act of 1917 is that before the county court can contract for a court house the quorum court must approve by making an appropriation and that the contract must not exceed the appropriation. There is no limitation on the amount.

3. A court house is not a current expense within the limitation. 68 Ark. 480; 1 Words & Phr. 1180; 2 *Id.* 1792; 21 Kan. 308; 49 Pac. 228; 53 Atl. 236; 78 Pac. 220; 47 Cal. 448-510; 87 Mo. 247.

4. The cases cited by appellant are not in point. There is no limitation to the amount to be appropriated for building a court house.

HUMPHREYS, J. On July 2, 1917, pursuant to call, the quorum court of Poinsett County met at Harrisburg, the county seat of said county, and in regular session appropriated $100,000 for the purpose of rebuilding and furnishing the courthouse at Harrisburg, Poinsett County, Arkansas, and made a levy upon all the taxable

property in Poinsett County for said purpose in accordance with law. Appellants, citizens of said county, were made parties to the proceeding and prosecuted an appeal from said order to the circuit court of said county.

Upon hearing in the circuit court, the judgment of the quorum or levying court was in all respects affirmed. Proper steps were taken and an appeal has been prosecuted to this court.

Appellants are citizens and taxpayers of Poinsett County. The total revenue collected in Poinsett County in the year 1917 for the year 1916 was $34,971.77. The total assessed valuation of all property in said county for the year 1917 was ten million dollars. This assessment would produce a revenue for county purposes of $50,000.

It is insisted by appellant that the appropriation was void for the reason that the quorum court appropriated more than 90 per cent. of the taxes levied in the year 1916 or 1917 for the construction of the courthouse. It is said that section 1500 of Kirby's Digest is a limitation upon the power of the quorum court to appropriate money to build a courthouse or for any other purpose. Said section of the Digest reads as follows:

"The court shall specify the amount of appropriations for each purpose in dollars and cents, and the total amount of appropriations for all county and district purposes for any one year shall not exceed 90 per cent. of the taxes levied for that year."

(1)   This section was section 7 of Act 67, Acts 1879. By reference to the original act, it is quite apparent that section 1500 of Kirby's Digest, or section 7 of Act 67, Acts 1879, had reference and related to the taxes levied for the purposes specified in section 1499 of Kirby's Digest, or section 6 of Act 67, Acts 1879. In construing subdivision sixth of section 6, Act 67, Acts 1879, or subdivision sixth of section 1499 of Kirby's Digest, this court held that the expenditures provided for therein had reference to only current and ordinary expenses of the county for the year. This court is irrevocably com-

mitted to the construction that current and ordinary expenses of the county for the year do not include expenditures for building a courthouse; and that the limitations placed upon the quorum court and county court and the agents of the county, by Act 67, Acts 1879, do not affect contracts for building courthouses under sections 1009 to 1025 inclusive, of Kirby's Digest. In other words, it has been decided by this court that the special act governing the building of courthouses, as digested in Kirby's Digest as sections 1009 to 1025 inclusive, remains intact and was not repealed by the subsequent act of March 18, 1879, which latter act related to and concerned only the ordinary or current expenses of the county and did not relate to or concern the extraordinary expenses, such as building courthouses. *Durrett* v. *Buxton,* 63 Ark. 397; *Hilliard* v. *Bunker,* 68 Ark. 340; *Bowman* v. *Frith,* 73 Ark. 523; *Sadler* v. *Craven,* 93 Ark. 11.

(2) It is asserted, however, that since the passage of Act 217, Acts 1917, the limitation placed upon levying or quorum courts in section 1500, Kirby's Digest, applies not only to appropriations for current expenses of the county, but to appropriations for building courthouses. As we understand the contention of appellants, the effect of the passage of Act 217, Acts 1917, was to prevent a county in which the assessed wealth is $10,-000,000 from building a courthouse unless the cost thereof can be limited to one item in a current expense account of $50,000 or less. In other words, that a county possessing $10,000,000 assessed wealth can not build and furnish a courthouse at a cost of $100,000. We do not think the plain wording of the act warrants such a construction. The only purpose of section 1, Act 217, Acts 1917, was to permit the county court to call a meeting of the quorum court on account of any emergency that might arise, whereas, prior to that time, a special term of the quorum court could be convened only in cases where public buildings, belonging to a county, were destroyed and it was necessary to immediately rebuild or repair same. The purpose of section 3 of said act was to with-

draw from the county court the power to make an order to build a courthouse if deemed expedient and if the circumstances of the county would permit a levy of taxes for that purpose. The power to make an appropriation for building a courthouse, to fix the cost thereof and to levy a tax for that purpose, was transferred from the county court to the quorum court. This transfer of power was effected by the repeal in express terms of section 1011 of Kirby's Digest and the enactment in lieu thereof of section 3, Act 217, Acts 1917. There is nothing in the plain wording of Act 217, Acts 1917, and no language contained therein from which it might be inferred that the Legislature intended by this transfer of power to limit the quorum court in fixing the cost of a courthouse or the appropriation therefor. The sole purpose seems to have been the transfer of the power from a court composed of one person to a court composed of the county judge with a majority of the justices of the peace in the county. There being no express language or language from which it is necessarily inferable that the Legislature intended to place a limitation on the quorum court as to the maximum cost and appropriation for building a courthouse, we do not feel warranted in extending the limitation contained in section 1500 of Kirby's Digest to the court which has heretofore been held by this court to apply to current appropriations for county expenses only. Our construction of Act 217, Acts 1917, is that the act invests the quorum court with power to make an appropriation for building a courthouse in any sum it may deem proper, regardless of the amount of taxes which may be levied in any one year in the county.

Therefore, the judgment of the circuit court in this case is affirmed.