INDEPENDENCE COUNTY *v.* THOMPSON.

4-7462                                                  184 S. W. 2d 63

Opinion delivered December 4, 1944.

*S. M. Casey,* for appellant.

*W. M. Thompson,* for appellee.

McFADDIN, J. This appeal involves the Initiated County Salary Act of Independence county adopted in 1936 and effective January 1, 1937. The Act, in essentials here under consideration, is similar to the Clay County Salary Act considered in *Terry* v. *Thornton,* No. 7531, *ante,* p. 1019, 183 S. W. 2d 787, this day decided. From a decree enjoining further diversion and rendering judgment against the County General Fund of Independ-

ence county for sums diverted in 1940, 1941 and 1942, and fixing a lien for the recovery thereof, the appellants (defendants below) have appealed.

All of the questions decided in case No. 7531 are presented in this case No. 7462, so the decision in case No. 7531 disposes of all issues here except the contentions herein discussed.

I.  *Jurisdiction of Equity.*  The appellants urge that the appellees here were seeking only a money judgment; and therefore the chancery court was without jurisdiction.  It is clear that something more than a mere money judgment must be sought in a case like this before equitable jurisdiction can be sustained in the face of a timely objection, as was made here.  But the answer to the appellants is found in the pleadings filed and relief prayed at the time the contention was made.  At such time appellees (plaintiffs below) had pending: (1) the amended complaint, and (2) amendment thereto.  In the amended complaint the plaintiffs alleged that there was a diversion, and prayed in part as follows:

"Third: That if upon a final hearing of this cause, it be determined that § 16, of Initiated Act Number One of Independence county is unconstitutional and void, that the court make such further orders as may be necessary to insure the common school fund of Independence county and the several school districts of said county against any further illegal, unlawful and fraudulent appropriation of the school funds aforesaid to the County General Fund of Independence county, or to any other fund, that he have his costs, and all other proper and equitable relief."

The amendment did not waive this prayer, because the prayer in the amendment concluded with this language: ". . . and in all other things he prays as in his amended complaint previously filed herein."  It is therefore clear that the plaintiffs below prayed for an order against the diversion of school funds, and that part of the relief that the court granted was a lien for the

recovery thereof. So the appellants' contention in this regard must be denied.

II. *The Judgment and Lien for Refund.* The chancery court found that for the years 1940, 1941 and 1942 certain school district funds had been transferred to the County General Fund of Independence county in the amount of $7,773.57 in one instance, and $521.12 in another instance. The court found that the County General Fund for each of the years had been exhausted; but the court decreed a lien on all the future County General Funds until the amount of said school funds so transferred should be repaid. This lien feature of the decree was not presented in case No. 7531. But even so, this judgment and lien were erroneous, and that part of the decree must be reversed for the reasons stated in case No. 7531. The attempt to decree a lien on the County General Fund was an indirect effort to recapture funds that had been lost beyond recapture. As was shown in case No. 7531, Constitutional Amendment No. 10 intervenes.

To summarize and conclude: (1) We hold that § 16 of the Independence County Salary Act is unconstitutional in so far as any attempted transfer of school funds is concerned; and (2) all of the decree of the chancery court is affirmed except so much thereof as rendered judgment in the sums of $7,773.57 and $521.12, and adjudged a lien against the County General Fund for these amounts. That portion of the decree is reversed. The costs of the lower court and of this court are to be paid one-half by appellants and one-half by appellee.