HUTCHESON v. PITTS.

Opinion delivered February 1, 1926.

1.  SHERIFFS AND CONSTABLES—TIME FOR FILING CONSTABLE'S BOND.—
    Under Crawford & Moses' Dig., § 1444, providing that every constable shall, within ten days after his election or appointment, file his bond, etc., and § 1442, *Id.*, providing that the county judge shall furnish a certificate of election to a constable who has been elected, *held* that a constable is required to file his bond within ten days after he receives his certificate of election.

2.  OFFICES AND OFFICERS—BEGINNING OF TERM.—Under art. 3, § 8, Const., the Legislature has the power within reasonable limits to fix the date when terms of office begin.

3.  SHERIFFS AND CONSTABLES—BEGINNING OF TERM OF CONSTABLE.—
    Under § 8071, Crawford & Moses' Dig., providing that the terms of State, county and township officers shall begin on January first following their election, *held* that the term of office of a constable begins on January first following his election.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; reversed.

STATEMENT BY THE COURT.

W. J. Hutcheson instituted this action in the circuit court against W. A. Pitts, and alleged that Pitts is trying to usurp the office of constable, to which he is entitled, and prays that the court make an order declaring that he be entitled to the office of constable, and that the office, so far as W. A. Pitts is concerned, be declared vacant.

W. A. Pitts filed an answer denying the allegations of the complaint and setting up facts which showed that he was the duly elected and qualified constable of Osage Township.

The case was tried before the circuit court sitting as a jury. The court found from the evidence the following: W. A. Pitts was duly elected constable of Osage Township, in Benton County, Ark., at the general election held on the 7th day of October, 1924. On October 13, 1924, the board of election commissioners of said county issued to said Pitts a certificate of election as such constable. On October 31, 1924, W. A. Pitts filed with the

presiding judge of the county court of Benton County his bond in the sum of $500 as constable of Osage Township, and the bond is in the form required by law, and is signed by a good and sufficient surety. On October 31, 1924, W. A. Pitts took the oath of office as constable of Osage Township in the manner and form required by the Constitution and laws of the State of Arkansas. At the general election held in October, 1922, W. J. Hutcheson was duly elected constable of Osage Township, and qualified and acted as such, and is still claiming to act as constable on the ground that his term of office does not expire until the first day of January, 1925.

On the other hand, W. A. Pitts claims that the term of office of W. J. Hutcheson as constable of Osage Township ended on the 30th day of October 1924, and that his term began on the 31st day of October, 1924.

The circuit court found the law and facts in favor of W. A. Pitts, and it was adjudged that he was the duly elected, qualified and acting constable of Osage Township, and that his term of office began on October 31, 1924. It may be here stated that the findings of facts made by the circuit court were sustained by the evidence in the record.

W. J. Hutcheson has duly prosecuted an appeal to this court.

*Joe Beasley,* for appellant.

HART, J., (after stating the facts). In the first place it is contended by counsel for appellant that appellee was not a duly qualified elector of Osage Township and not eligible to be elected to the office of constable and to serve as such officer. We can not agree with counsel in this contention. The circuit court was justified in finding from the evidence that the poll-tax of W. A. Pitts was paid by Pierce Galbreath on the 5th day of July, 1924, and that he was otherwise a qualified elector of such township, and duly elected to the office of constable at the general election held on October 7, 1924.

It is next contended that Pitts is not entitled to serve as constable of Osage Township because he did not file his bond within ten days after his election, as required by § 1444 of Crawford & Moses' Digest.

The record shows that the general election was held on the 7th day of October, 1924, and Pitts did not file his bond until the 30th day of October, 1924. Hence it is contended that he did not file his bond within the ten days required by the statute. It is true that § 1444 of the Digest provides that every constable shall, within ten days after his election or appointment, enter into bond to the State of Arkansas, etc.; but in interpreting this clause of the statute we must take into consideration other statutes bearing on the question.

Under § 3836 of the Digest, as soon as the returns from all the precincts are received, but in no event later than the 7th day after the election, it is the duty of· the county election commissioners from the several precincts to proceed to ascertain and declare the result of said election, and within fifteen days after the day of said election to deliver a certificate of his election to any person having the highest number of legal votes for any county or township office. Pursuant to this statute the election commissioners issued a certificate of election to Pitts on October 13, 1924.

Section 1442 of the Digest, which is article 7, § 47, of the Constitution, provides that the qualified electors of each township shall elect a constable for the term of two years, who shall be furnished by the presiding judge of the county court with a certificate of election.

On the 30th day of October, 1924, the county judge of Benton County issued to said Pitts a certificate of election as constable of Osage Township in the manner and form prescribed by law. When all these provisions of the statute and of the Constitution are construed together, we think that the ten days within which the constable shall file his bond mean ten days after he had received his certificate of election from the presiding judge

of the county court. Under our election laws it was the duty of the election commissioners first to certify within a designated time the votes cast for the officers in each precinct in the county. From these returns the county judge received information upon which to act in issuing his certificate of election to the constable. The certificate furnished him by the county judge was the evidence of his election, and the constable was justified in waiting until he received this before he attempted to qualify as constable. There would be no useful purpose to be served by requiring the certificate of his election to be issued to him by the county judge if he was required to act on other information and to file his bond within ten days after the day of his election. We do not think that the framers of the statute intended it to be given such a literal and restricted meaning, but that they meant that he must file his bond within ten days after the completed election, that is, after he received his certificate notifying him of his election.

This brings us to a consideration of the question of whether, under the law, the term of W. J. Hutcheson ended on the 30th day of October, 1924. The circuit court held that it did, but we think that it erred in so holding. It has been frequently said that it is an elementary principle that the law abhors vacancies in public offices, and great precaution is usually taken against their occurrence. Our Constitution provides the length of terms of constitutional officers, and article 7, § 47, provides that the qualified electors of each township shall elect a constable for the term of two years, who shall be furnished by the presiding judge of the county court with a certificate of election, on which his official oath shall be indorsed. Article 19, § 5, of the Constitution provides that all officers shall continue in office after the expiration of their official terms until their successors are elected and qualified.

In construing the provision of the Constitution fixing terms for constitutional officers in connection with the

section providing that they shall continue in office until their successors are elected and qualified, and article 3, § 8, of the Constitution giving the Legislature power to fix the time for holding the biennial general election, this court has held that the Legislature has power to readjust the commencement of official terms within reasonable limits. *Hendricks v. Hodges,* 122 Ark. 82, and cases cited.

In the exercise of this power, the Legislature of 1917 passed an act to fix the tenure in office of certain State, district, county and township officers. This statute was passed after the Legislature had changed the time of holding the general election for State, county and township officers and consolidated the same with the election for congressional officers held in November, and is § 8071 of Crawford & Moses' Digest. It will be noted that the object of the section is to fix the first day of January, following their election, as the date when the terms of certain State, county and township officers shall begin. Among the officers mentioned whose terms shall begin on the first day of January, following their election, are all county officers except members of the lower house of the General Assembly, and township officers and road overseers, when road overseers are elected. The constable is a township officer, and, under the readjustment provided by this section of the statute, his term of office begins on the first day of January, following his election, which, as it stood at the time of the passage of the act, was the same date in November when the congressional elections were held. It is true that the Legislature of 1921 again changed the time for holding the general election for State, county and township officers and fixed it on the next Tuesday after the first Monday in October, 1922, and every two years thereafter (General Acts of 1921, p. 74); but this section did not provide for any readjustment of the commencement of their official terms. In the absence of such a statute, the commencement of the terms of the various officers remained as provided for in § 8071

of the Digest, and this, as we have already seen, was the first day of January, following their election.

The result of our views is that the term of W. J. Hutcheson, as constable of Osage Township, did not expire until the first day of January, 1925, and the term of W. A. Pitts, as such constable, did not commence until that day. The judgment of the circuit court ousting W. J. Hutcheson from the office of constable of Osage Township, and declaring the term of W. A. Pitts to commence on that day, was rendered on the 29th day of November, 1924.

It follows that the judgment was erroneous, and must be reversed, because the circuit court had no power to oust Hutcheson from office until his term expired, and the term of Pitts began on the first day of January, 1925.

It will be noted that the term of Hutcheson has now expired, and, if he is in fact attempting to hold the office of constable of Osage Township, the circuit court is directed to oust him from said office and to declare W. A. Pitts the incumbent of said office, and for other proceedings according to law and not inconsistent with this opinion.

Inasmuch as this is a law case, and as the judgment of ouster was prematurely rendered against W. J. Hutcheson, the costs of the appeal will be taxed against W. A. Pitts.