HERBERT L. THOMAS, SR., ET AL v. OTHA FOUST, COUNTY CLERK, ET AL

5-4773                                                   435 S.W. 2d 793

Opinion Delivered January 13, 1969

*John D. Eldridge* for appellants.

*Fitton, Meadows & Adams* and *Earl Olmstead* for appellees.

JOHN A. FOGLEMAN, Justice.    This is an appeal from a judgment holding Act 407 of 1965 [Ark. Stat. Ann. § 80-455 (Supp. 1967)] unconstitutional as violative of Amendment No. Fourteen to the Arkansas Constitution.    The suit below involved a three-party action with multiple issues; however, we deem it necessary only to consider the question of the constitutionality of Act 407 because our decision makes it determinative of the case.    We agree with the trial court that Act 407 is a local or special law and is, therefore, unconstitutional.

Appellants are the owners and developers of a community known as Eden Isle which is located on the shores of Greers Ferry Reservoir in Cleburne County, Arkansas.    If developed as planned, Eden Isle will be a high-standard resort and retirement area with a permanent population of some 1,500 to 2,500 people.    Prior to the formation of Greers Ferry Reservoir in 1962, the Eden Isle area was located in the West Side School District in Cleburne County.    With the formation of the reservoir, Eden Isle became separated from the main body of the district, although it remained contiguous to the Heber Springs School District.    In order to reach the West Side School District, a child living in Eden Isle would be required to travel a distance of approximately 75 miles round trip daily.    The student making the trip travels completely through another school district in order to get to West Side.    Therefore, arrangements were made with the Heber Springs School District for the children of the Eden Isle area to attend there. Subsequently, appellants caused legislation to be introduced in the Legislature which culminated in the pass-

age of Act No. 407 of 1965, the pertinent portions of which are as follows:

"Hereafter, any portion of a school district in this State which is a part of a school district from which such portion is completely separated by a reservoir formed by any flood control, power, or recreational project constructed, operated, developed, or maintained by the United States of America or any other person, and where to attend school in their own district the pupils of said portion are required to travel a distance of more than twenty (20) miles and pass through another school district or districts, and where the pupils living in such segment were not on January 1, 1964, attending school in the district to which they belong, but by agreement and arrangement attended school in a school district adjoining such portion of such school district, may be formed into a separate school district or may be annexed to and become a part of said adjoining school district where the pupils have been attending school, upon the filing of a petition . . ."

Upon passage several residents of Eden Isle petitioned the Cleburne County Board of Education, pursuant to the act, for the formation of a separate school district. The petition was denied, and an appeal was taken to the Circuit Court of Cleburne County. Subsequently, a second petition was filed (during the pendency of the appeal) praying that Eden Isle be annexed to the Heber Springs School District. This petition was accepted by the Heber Springs School Board and filed with the County Board of Education. Thereafter, both the Heber Springs School District and the Eden Isle petitioners filed a petition for a writ of mandamus against the Cleburne County Clerk. The West Side School District intervened, and the cases were consolidated for trial which was held March 14, 1968. Judgment was entered May 20, 1968, holding, among other things, that Act 407 was unconstitutional.

Amendment 14 to the Arkansas Constitution prohibits the passage of any local or special acts. In *Laman, Mayor* v. *Harrill,* 233 Ark. 967, 349 S.W. 2d 814, this court said, ''Legislation may be roughly classified as general, special or local. A general law is one that operates upon all counties, cities and towns alike. A law is special in a constitutional sense when by force of an inherent limitation it arbitrarily separates some person, place or thing from those upon which, but for such separation it would operate and a local law is one that applies to any subdivision or division of the state less the whole.''

The trial court, sitting as a fact finder, found that only one school district presently qualifies under the act—the West Side School District. The court's finding on this point is supported by the testimony of Mr. Canady who is an employee of the State Board of Education.

The fact that a law is limited in effect to only one or a few classifications does not necessarily condemn it as special or local legislation if the classification is not arbitrary and bears a reasonable relation to the purpose of the act. For instance, in *LeMaire* v. *Henderson,* 174 Ark. 936, 298 S.W. 327, this court upheld an act which provided for the consolidation of school districts only in counties with 75,000 or more population although only four years before in *Simpson* v. *Matthews,* 184 Ark. 213, 40 S.W. 2d 991, we had declared unconstitutional an act which provided for the repair of roads damaged by flood water in those counties with 75,000 population. In both cases the court took judicial notice that only Pulaski County had 75,000 population. In the *LeMaire* case population was held to be a reasonable classification with regard to the formation of school districts, it being germane to the problems of when or whether to consolidate. But in *Simpson* we concluded that it was arbitrary and unreasonable to restrict the application of an act concerning the repair of roads to those counties with

a certain population. The opinion stated that, "The amendment was intended to prevent arbitrary classification based on no reasonable relation between the subject matter of the limitation and classification made. In determining whether a law was general or local, the Legislature might still make the classification where it was appropriate and germane to the subject and was based upon substantial differences which make one situation different from another."

In the case before us the applicability of Act 407 is limited in the first instance to those portions of school districts which become cut off from the body of the district by a reservoir and in cases where the students of the portion cut off must travel more than 20 miles through another school district to attend school in their own district. It may well be that such a classification would bear a reasonable relation to the purposes of the act, and not be arbitrary; however, application of the act is restricted to those districts only where students from the area cut off were attending school in an adjoining district on January 1, 1964. This, in effect, makes the application of the act nonprospective. The limitation to situations arising before 1964, therefore, effectively limits the application of this act to the West Side School District. No reason is given, nor does any appear, why the remedies given by this act should not be applicable to relieve similar situations involving school districts where students began to attend school in an adjoining district after January 1, 1964; and it is our opinion that such a classification is inappropriate and arbitrary and constitutes special or local legislation. See *Ark-Ash Lbr. Co.* v. *Pride & Fairley,* 162 Ark. 235, 258 S.W. 335; *Whittaker* v. *Carter,* 238 Ark. 1074, 386 S.W. 2d 498; Anderson, *Special & Local Acts in Arkansas,* 3 Ark. L. Rev. 113.

The judgment is affirmed.