BOARD OF TRUSTEES OF MUNICIPAL JUDGES
AND CLERKS FUND, CITY OF LITTLE ROCK, being
William R. BUTLER, Chairman, Webster HUBBELL,
Jack MURPHY, and Jane CZECH, Members *v.*
Joann BEARD

80-188                                        620 S.W. 2d 295

Supreme Court of Arkansas
Opinion delivered July 20, 1981
[Rehearing denied September 21, 1981.]

*William R. Wilson, Jr., P.A.*, and *House, Holmes &
Jewell, P.A.*, by: *Philip E. Dixon*, for appellant.

*R. Jack Magruder, III*, City Atty., by: *Sherry S. Means*, for appellee.

JOSEPH C. KEMP, Special Justice. This appeal presents the issue of whether Act 155, Acts of Arkansas of 1979 is constitutional when tested against the mandate of the people prohibiting local and special legislation as found in the 14th Amendment to the Constitution of Arkansas of 1874.

Appellee, as clerk of the Municipal Court, Criminal Division, of Little Rock, Arkansas, by her letter dated July 24, 1979 addressed to the Appellant, Board of Trustees of Municipal Judges and Clerks Fund, City of Little Rock, requested retirement benefits to be effective beginning July 28, 1979 pursuant to authority of the provisions of Act 155, Acts of Arkansas of 1979.

The record reflects that Appellee served as a nonuniform employee of the City of Little Rock from September 23, 1958 through December 5, 1969, and further, that she had been employed as a Municipal Court clerk for the Little Rock Municipal Court (Criminal Division) from December 8, 1969 through July 27, 1979, for a total employment of between 20 and 21 years. Appellant petitioned the Circuit Court of Pulaski County for Declaratory Judgment presenting the question of constitutionality of said Act 155, and Appellee filed a Cross-petition for the same relief. The Lower Court found and declared that the Appellee had served as a former Municipal Court clerk in excess of eight years and was employed as a nonuniform employee and Municipal Court clerk for a combined total of more than twenty years; that Act 155 relating to the courts and administration of justice was neither local nor special in nature, particularly where the Act applies to all officials in a general category; that there are municipal courts and municipal court clerks in Little Rock, North Little Rock, Jacksonville and Sherwood, all in Pulaski County which has a population of 150,000 or over; that the duties of municipal court clerks are necessary to the administration of justice or pertain or relate to the administration of justice; that Act 155 is constitutional and does not violate Amend-

ment 14 of the Arkansas Constitution and that the Appellee was entitled to her retirement funds, together with interest on all accrued payments until received by her.

Appellant asserts that Act 155 is local and special legislation and violates the provisions of Amendment 14 to the Constitution of Arkansas.

We do not address the question of whether Act 155 is local legislation for the reason that we find the Act in question to be special legislation in violation of Amendment 14, and therefore reverse the Lower Court holding on this point.

Amendment 14 to the Constitution of Arkansas of 1874 provides:

"The General Assembly shall not pass any local or special act. This Amendment shall not prohibit the repeal of local or special acts."

This Court has said:

"The language of the Amendment is plain and unambiguous and its meaning clear, disclosing the intention of the people in adopting it, and dispensing with the necessity of seeking other aids for its interpretation. The restrictive provisions of the Constitution on the legislative power relative to the passage of local or special legislation, leaving its exercise to the discretion of the Legislature, has been so disregarded and abused as to create an intolerable condition. Numerous measures were enacted in all sessions of the General Assembly, general in their terms and nature, and from the operation of which from one or more of the counties of the State were excepted, and this Amendment was adopted to remedy the evil, and the poiwer of the General Assembly to enact local or special legislation was withdrawn, the General Assembly being prohibited by its terms from passing any local or special Act." *Webb* v. *Adams*, 180 Ark. 731, 23 S.W. 2d 617 (1929)

This Court has said many times:

"Legislation may be roughly classified as general, special or local. A general law is one that operates upon all counties, cities and towns alike. A law is special in a constitutional sense when by force of an inherent limitation it arbitrarily separates some person, place or thing from those upon which, but for such separation it would operate and a local law is one that applies to any subdivision or division of the state less than the whole." *Thomas* v. *Foust*, 245 Ark. 948, 435 S.W. 2d 793 (1969)

It is a well known rule of this Court that statutes are presumed to be framed in accordance with the Constitution, and should not be held invalid for repugnance thereto unless such conflict is clear and unmistakable. *Buzbee* v. *Hutton*, 186 Ark. 134, 52 S.W. 2d 647 (1932). We therefore must determine whether Act 155 of 1979 is prohibited by Amendment 14 to the Constitution. Is it general or is it special or local?

Act 155, Acts of Arkansas of 1979, amended Subsection (b) of Section 4 of Act 19 of 1965, as amended, same being Arkansas Statutes § 22-944 and reads as follows:

"SECTION 1. Subsection (b) of Section 4 of Act 19 of 1965, as amended, the same being Arkansas Statute 22-944 (b), is hereby amended to read as follows:

'(b) Hereafter, any Clerk of a Municipal Court to which this Act applies, appointed by the Judge or Judges of such Court, who shall attain the age of sixty (60) years and who shall have served in office as clerk for at least ten (10) years, or who shall attain the age of sixty-five (65) years and who shall have served in the office for at least eight (8) years, or any such clerk who shall have served in office for at least twenty (20) years, irrespective of age, and any such clerk who shall have served twenty (20) or more consecutive years, irrespective of age, as a city employee for the city in which he (she) clerks, with eight (8) or more of those years served in the office of

Municipal Clerk, shall be eligible to receive retirement benefits provided by this Act, and if such clerk resign, retire from office, or be succeeded in office by another clerk, said clerk shall receive retirement pay for and during the remainder of his (her) natural life in an amount equal to one-half (1/2) of the salary payable to him (her) at the time of resignation, retirement or succession in office.' "

An examination of the subsection of the Statute here involved as it existed prior to the passage of Act 155 reflected three classifications for municipal court clerks pertaining to eligibility for retirement, and they were as follows:

a)  who shall attain the age of 60 years and who shall have served in office as clerk for at least 10 years; or,

b)  who shall attain the age of 65 years and who shall have served in office for at least 8 years; or

c)  any such clerk who shall have served in office for at least 20 years, irrespective of age.

Act 155 of 1979 added a fourth classification of eligibility for municipal court clerk retirement as follows:

Any such clerk who shall have served 20 or more consecutive years, irrespective of age, as a city employee for the City in which he (she) clerks, with eight (8) or more of those years served in the office of Municipal Clerk.

Act 155 creates four separate and distinct classifications prescribing eligibility for retirement of municipal court clerks in cities and towns situated in counties of more than 150,000 population, which at the time of its passage included only Pulaski County, Arkansas. Can it be said that all municipal court clerks within Pulaski County are treated equally under the provisions of the four separate classifications? Are these classifications reasonably related to the purpose of the legislation, or are such classifications arbitrary and unreasonable? To ask the question of whether all

such clerks are treated equally under these separate classifications is to answer it. Clearly they are not, and there can be no rational reason in support of a contrary conclusion. The fourth classification provided by Act 155 was apparently intended to separate the Appellee from other municipal court clerks in Pulaski County. Further, the Appellee herself was convinced that the Act was specifically enacted to make her eligible for immediate retirement benefits. We note her letter requesting retirement dated July 24, 1979, where she states:

"You will find attached a copy of my bill."

All municipal court clerks in Pulaski County, and in all other counties of the State for that matter, have the same duties, authority and responsibility, functioning as a distinct essential arm of their respective courts, and while this Court has held that legislation pertaining to the judiciary, though dealing differently among counties and courts, is general as opposed to local or special for the reason that the judicial system for the State is an entity in and of itself, whole and not separate, nevertheless this Court has also held that even in dealing with the judiciary, all which should fall equally within a classification must be included and not separated out as in the case of Act 155. See *Beaumont* v. *Adkisson*, 267 Ark. 511, 593 S.W. 2d 11 (1980).

The people have spoken clearly in the passage of Amendment 14. It contains no exceptions. To allow exceptions is to do damage to that amendment by allowing the erosion of the particular exception to destroy the very substantive law.

Reversed.

HOLT and PURTLE, JJ., not participating.

HICKMAN, J., and Special Justice JIM BURNETT concur.

ADKISSON, C.J., and DUDLEY, J., dissent.

DARRELL HICKMAN, Justice, concurring. I agree with

the results reached in this case. The most violated provision of the Arkansas Constitution is Amendment 14 which reads: "The General Assembly shall not pass any local or special acts." Perhaps it is in the nature of legislatures to want to pass local and special legislation to please their constituents. It should be the nature of this court to routinely strike down those acts as contrary to Amendment 14. Our record in that regard has not been consistent. This court has carved out an exception to Amendment 14. For the benefit of the courts, this court has consistently found that special legislation is valid if it is essential to the administration of justice. Amendment 14 does not say "The General Assembly shall not pass any local or special acts *except for the administration of justice.*" This court's finding that such an exception exists is unwarranted, improper, and contrary to the constitution and should cease. Those cases which uphold that exception should be overruled without discussion because they are wrong legally and this court cannot in good conscience apply Amendment 14 to everyone except the courts. *Buzbee* v. *Hutton*, 186 Ark. 134, 52 S.W. 2d 647 (1932); *McLellan* v. *Pledger*, 209 Ark. 159, 189 S.W. 2d 789 (1945).

There is no valid reason given why courts should be excepted from that provision. Laws can be passed which apply generally to all court clerks, judges, and to the administration of justice. To continue to support that exception simply because it has been recognized for years is also no good reason. Those decisions have not become rules of property. To continue to follow them without good cause is to avoid the continuing responsibility this court has to guard the constitution.

The act in question applies only to Pulaski County and for that reason it is a local act. There is no doubt that it was passed for Joann Beard. That is conceded. We should clearly put behind us once and for all any toleration of such exceptions and local legislation.

Special Justice JIM BURNETT joins in this concurrence.

RICHARD B. ADKISSON, Chief Justice, dissenting. This is an appeal from a declaratory judgment holding that Act 155

of 1979 does not violate the proscription against special or local legislation found in Amendment 14 of the Arkansas Constitution.

I dissent from the majority holding that the act in question is special legislation within the meaning of Amendment 14 to the Constitution of Arkansas.

Act 19 of 1965 as Amended is codified as Ark. Stat. Ann. § 22-941 to -948.1 (Supp. 1981). Before being amended this Act provided for the retirement of municipal court judges and clerks in counties having a population of 150,000; judges were allowed to retire after 15 years at age 65 or after 20 years irrespective of age; clerks were allowed to retire after 20 years irrespective of age.

Act 102 of 1969 amended the original Act (Act 19 of 1965) by making its provisions applicable to counties having a population of 150,000 and two or more municipal courts. Although the provision was retained for retirement of judges and clerks after 20 years irrespective of age, the provisions for judges' retirement at a specific age was lowered from 65 to 50 years and the provision concerning required years of service was raised from 15 to 16 years. Also, clerks were further allowed to retire after ten years of service at age 60.

Act 637 of 1975 further amended Act 19 of 1965 as Amended to allow clerks to retire after eight years of service at age 65.

Act 155 of 1979 further amended the Act as amended to allow clerks to retire after 20 years, irrespective of age, with eight or more of those years served in the office of municipal clerk and with the balance of the required time served as a city employee.

Amendment 14 of the Arkansas Constitution provides that "The General Assembly shall not pass any local or special act." Although the terms are sometimes used synonymously, "special" relates to persons or things and "local" relates to political or geographic units. Anderson,

*Special and Local Acts in Arkansas*, 3 Ark. L. Rev. 113 (1949); also *see Waterman* v. *Hawkins*, 75 Ark. 120, 86 S.W. 844 (1905).

The Arkansas Supreme Court has consistently held that acts which relate to the administration of justice are neither "special" nor "local." *Waterman, supra*; *Mears* v. *Hall*, 263 Ark. 827, 569 S.W. 2d 91 (1978). However, in *Beaumont* v. *Adkisson*, 267 Ark. 511, 593 S.W. 2d 11 (1980) this Court did carve out a limited exception to this rule in holding Act 629 of 1979 unconstitutional where the terms of the Act applied to one circuit judge out of five in the Sixth Judicial Circuit; the language indicated that the decision would be otherwise "if it were held to be an Act relating generally to all circuit courts [judges] in the Sixth Judicial Circuit. . . ."

This Court has specifically held that acts creating municipal courts constitute general legislation since these courts are a part of the judicial system. *See Moose* v. *Woodruff*, 120 Ark. 406, 179 S.W. 813 (1915) where it was held that an act establishing municipal courts in Little Rock and North Little Rock was not unconstitutional under Amendment 14. Furthermore, *Waterman* held:

> Statutes establishing or abolishing separate courts relate to the administration of justice, and are not either local or special in their operation. Though such an act relates to a court exercising jurisdction over limited territory, it is general in its operation, and affects all citizens coming within the jurisdiction of the court.

Finally, this Court held in *Buzbee* v. *Hutton*, 186 Ark. 134, 52 S.W. 2d 647 (1932) that a clerk is vital to the operation of a court, and, in upholding the constitutionality of a legislative act providing for the appointment rather than the election of the Pulaski County Chancery Court Clerk, stated:

> The majority of the court is also of the opinion that the act is not local or special because it is general in its terms, and is not based upon an unreasonable or arbitrary classification. The act affects every one alike coming within its general terms, and is not to be

nullified merely because under present conditions only the county of the seat of the State government happens to fall within the general classification.

In this case the majority holds that Act 155 violates Amendment 14 because it is special legislation. In doing so they acknowledge that every act of the legislature carries a strong presumption of constitutionality, and that there must be a clear incompatibility between the act and the constitution before it is held unconstitutional. *Carter* v. *State*, 255 Ark. 225, 500 S.W. 2d 368 (1973); *Jones* v. *Mears*, 256 Ark. 825, 510 S.W. 2d 857 (1974). This presumption of constitutionality fully applies when a statute is attacked as local or special, and, where it is doubtful whether the act violates the constitution the doubt must be resolved in favor of constitutionality. *State* v. *Lee*, 193 Ark. 270, 99 S.W. 2d 835 (1936); *Whittaker* v. *Carter*, 238 Ark. 1074, 386 S.W. 2d 498 (1965).

Although it is stipulated in the record that employees from at least three other municipal courts in the county were affected by the Act, the majority boldly assert that Act 155 "was apparently intended to separate the Appellee from other municipal court clerks in Pulaski County." To substantiate this finding the majority can only point to the appellee's statement in her letter of retirement referring to the act in question as "my bill." It is incomprehensible for the majority to rely upon this statement to derive the purpose and intent of the legislature, and to do so is illogical and judicially irresponsible. How can this Court indulge such an assumption when it is acknowledged that the Act applies to Pulaski County and all of its five municipal courts? If there is one speck of evidence in the record or elsewhere to support the majority's invention of legislative intent, I call upon them to set out this evidence in their opinion.

This legislation is based upon a valid classification, related to the administration of justice, and affects equally all persons who come within its range. The judgment of the lower court should be affirmed.