Honorable John H. Dawson State Representative P. O. Box 236 Camden, Arkansas 71701
Dear Mr. Dawson:
You have requested the opinion of this Office on several issues regarding Act 599 of 1981, which deals with the selling of radio broadcast rights for all football and basketball games of the University of Arkansas. The Act provides in 1 that:
 Unless otherwise prohibited or limited by Southwest Conference rules, the Athletic Department of the University of Arkansas shall make available for radio broadcast all football and basketball games of the University of Arkansas under uniform arrangements for the right to radio broadcast such games as may be provided by the Athletic Department of the University of Arkansas. Provided that no discrimination shall be made against any licensed radio broadcasting station in this state with respect to the access to and the rights to radio broadcast such football or basketball games in accordance with a schedule of fees, standards and regulations promulgated by the University of Arkansas Athletic Department making such broadcasts accessible and available to each Arkansas radio broadcasting station that desires to broadcast such games.
The issues you raised with regard to this provision, and our responses to those issues, are taken in turn below.
1. (It is alleged that the Act) is local and special legislation applicable only to the University of Arkansas.
Act 599 of 1981 does not appear to be special or local legislation which violates Amendment Fourteen to the Arkansas Constitution ("the General Assembly shall not pass any local or special act."). Acts of the legislature carry a strong presumption of constitutionality. Streight v. Ragland, 280 Ark. 206, 655 S.W.2d 459
(1983); and all doubts as to the constitutionality of a statute are to be resolved in favor of the statute. Buzbee v. Hutton, 186 Ark. 134, 52 S.W.2d 647 (1932). That a law is limited in effect to only one or a few classifications does not necessarily condemn it as a special or local legislation of the classification is not arbitrary and bears a reasonable relation to the purpose of the act. Thomas v. Foust, 245 Ark. 948, 435 S.W.2d 793
(1969). The legislature is constitutionally permitted to resort to classification where differences in effect of a statute are reasonably related to the purpose of the law and a classification is valid where it is prospective and reasonable. Whitaker v. Carter, 386 S.W.2d 498, 238 Ark. 1074 (1965). The Arkansas Supreme Court has applied the "rational basis" test, akin to equal protection analysis under the Fourteenth Amendment of the United States Constitution, in determining whether a particular act is special legislation. In essence, the "rational basis" test, imposes a burden on the party seeking to prove legislation unconstitutional to show that the act in question "is not rationally related to achieving any legitimate objective of state government under any reasonably conceivable state of facts." (emphasis by the court). Streight v. Ragland, 280 Ark. 206,655 S.W.2d 459 (1983).
Act 599 appears to be rationally related to the objective of the act found in the emergency clause (3 of Act 599), which states in relevant part:
 It is hereby found and determined by the General Assembly that the Athletic Programs of the University of Arkansas are conducted by an official and public agency of this state, and that discrimination in access to the radio broadcast rights to any football or basketball game by the Athletic Department of the University of Arkansas is contrary to the public interest, and is detrimental to the public support and the rights of the people of this state to enjoy the benefits of radio broadcasts of said games, and, that the immediate passage of this act is necessary to clarify and prohibit the Athletic Department of the University of Arkansas from granting exclusive rights to only one or more radio broadcasting stations to broadcast such games, and to require that the broadcasting of such games be made available . . . to all radio broadcasting firms in this state. . . .
Therefore, if challenged, the court would look at Act 599 to determine if any rational basis exists for the act. Under such analysis, the act would likely be held to be rationally related to the legitimate governmental objective of seeing that the public interest is served in the broadcast of the football and basketball games of the University of Arkansas.
2. (The act) is unlawfully discriminatory in that it only applies to radio broadcasts and does not include television broadcasts.
Again, the same test that applies to the local or special legislation issue discussed above applies with regard to this issue. The "rational basis" test expressed by the court in Streight was adopted from federal equal protection cases, i.e. Lindsey v. Natural Carbonic Gas Company, 220 U.S. 61 (1911), as well as Arkansas Supreme Court cases. See, Dupree v. Alma School District, 279 Ark. 340, 651 S.W.2d 90 (1983); U-Drive-Em v. Wiseman, 189 Ark. 1163, 76 S.W.2d 960 (1934). The presumption of constitutionality also applies in these cases, and it is likely that a court could find a rational basis for the legislature's decision to provide only for the sale of radio broadcast rights and not the sale of television broadcast rights.
3. (The act) attempts to regulate the airways, which is in the sole jurisdiction of the Federal Communications Commission.
Act 599 does not appear to be a regulation of the airways which would invade the province of the Federal Communications Commission in these matters. The act simply provides for the way in which radio broadcast rights of University of Arkansas football and basketball games are sold. The Federal Communications Commission has no authority to regulate the terms and conditions under which the owner of such rights may sell them. Furthermore, I am aware of no federal law or regulation under which the Federal Communications Commission dictates the fees to which the seller of such broadcast rights may be entitled.
4. (The act) constitutes an unlawful restraint on trade.
Actions by the state with regard to trade and commerce are exempt form [from] the federal anti-trust laws. See, Parker v. Brown,317 U.S. 341 (1943). Since Act 599 is an action of the state legislature, the anti-trust laws are not applicable to it.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Tim Humphries.