The Honorable Charlie Cole Chaffin State Senator Route 3, Box 1057 Benton, AR 72015
Dear Senator Chaffin:
This is in response to your request for an opinion as to the constitutionality of draft legislation which would authorize municipalities to enact ordinances restricting the authority of constables within the city limits of the municipalities. Section 1 of the proposed bill states:
 Each city of the first class, city of the second class and incorporated town may by ordinance determine the authority of constables within the boundaries of the municipality.
The rule is well-settled in the Supreme Court of Arkansas that statutes are presumed to be framed in accordance with the Constitution, and should not be held invalid for repugnance thereto unless such conflict is clear and unmistakable. Buzbee v. Hutton, 186 Ark. 134, 52 S.W.2d 647 (1932); Board of Trustees of the Municipal Judges and Clerks Fund v. Beard, 273 Ark. 423,620 S.W.2d 295 (1981).
Application of this precept compels us to accord this bill the presumption of constitutionality which attaches to all legislative enactments. Our review has disclosed no clear and unmistakable repugnance to the Constitution. Although constables are clearly township officers (Ark. Const. Art. 7, 47 and Hutcheson v. Pitts,170 Ark. 248, 278 S.W. 639 (1926)), the legislature has the authority to establish their duties and responsibilities. See, e.g., A.C.A. 14-14-1301(b)(2) (constable "shall have the qualifications and perform such duties as may be provided by law.") Thus, the legislature, has, for instance, authorized constables to execute process anywhere within their counties (A.C.A. 16-58-113(c)); and the constable of any township in which suit is brought against several residents of other townships has the duty to serve the process in the townships wherein the defendants reside. (A.C.A. 16-19-403.)
The draft legislation would constitute a lawful exercise of the General Assembly's power to prescribe the duties of constables. The fact that each municipality would have the power, under this legislation, to determine a constable's authority within its boundaries does not, in my opinion, render the bill unconstitutional.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.