The Honorable Steve Bell State Senator P.O. Box 4282 Batesville, AR 72503
Dear Senator Bell:
This is in response to your request for an opinion regarding the constitutionality of a proposed bill entitled:
 An act to amend Arkansas Code 14-14-904(b) to allow a county to adopt a new ordinance levying taxes in the event that the county ordinance levying taxes is repealed by a referendum; and for other purposes.
It is my opinion that the proposed bill is constitutional. It is well settled that legislative enactments are presumed to be framed in accordance with the Arkansas Constitution, and will not be held invalid for repugnance thereto unless such conflict is clear and unmistakable. Buzbee v. Hutton, 186 Ark. 134,42 S.W.2d 647 (1932); Board of Trustees of the Municipal Judges andClerks Fund et al. v. Beard, 273 Ark. 423, 620 S.W.2d 295
(1981). The presumption of constitutionality must, in my opinion, prevail in this instance. Our research has not disclosed a clear constitutional conflict. There is, it seems, no constitutional prohibition against a levy of county taxes after the November regular meeting.[1] Nor is there any general prohibition against the passage of a new ordinance following the rejection of a previous measure at a referendum election. See generally 82 C.J.S. Statutes § 149 (1953); 42 Am.Jr.2d Initiative andReferendum § 61 (1969) (generally, in the absence of a constitutional prohibition, a legislature may enact a statute after it has been defeated on referendum). These factors compel us to conclude that the proposed bill would withstand constitutional scrutiny.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] The impediment in this regard is found in A.C.A. §14-14-904(b), which the bill proposes to amend. Because this statute states that the county taxes shall be levied at the regular meeting in November, this office has opined that the quorum court lacks authority to levy the taxes at any other time.See Att'y Gen. Op. Nos. 88-373 and 86-625.