The Honorable Bob Watts State Representative State Capitol Little Rock, Arkansas 72201
Dear Representative Watts:
This is in response to your request for an opinion on nine questions concerning justices of the peace and constables. Your questions will be restated below and answered in the order posed.
Your first question is whether a justice of the peace can serve process. We have found no authority for such an action. It appears that while the justices of the peace have some authority to issue process, see, Arkansas Constitution Art. 7, § 40, and e.g. A.C.A. § 16-19-501, this process is to be served by a constable. A.C.A. § 16-19-503.
Your second question is whether a justice of the peace can be a bail bondsman. We have found no specific statutory prohibition against such action; but it should be noted that it may be difficult for a justice of the peace to comply with A.C.A. §17-17-104 (Supp. 1989) which prohibits any bail bondsman from soliciting business or advertising for business in or about any place where prisoners are confined or in a court, or to enter a police station, jail, sheriff's office, or other place where persons in custody of the law are detained for the purpose of obtaining employment as a professional bail bondsman.
It should also be noted that to the extent the Arkansas Code of Judicial Conduct is applicable to justices of the peace, it may prohibit their pursuing employment as bail bondsmen. Canon 5(c) of this Code provides that:
 (1) A judge should refrain from financial and business dealings that tend to reflect adversely on his impartiality, interfere with the proper performance of his judicial duties, exploit his judicial position, or involve him in frequent transactions with lawyers or persons likely to come before the court on which he serves.
Although dual service as a justice of the peace and bail bondsman is not expressly prohibited by statute, such service may result in an actual conflict of interest, and may as noted above result in a violation of the Code of Judicial Conduct.
Your third question is whether a constable can serve process. The answer to this question is "yes". See A.C.A. § 16-19-503.
Your fourth question is whether counties are required to provide workers' compensation coverage for constables. We can find no authority for this requirement. It should be noted initially that constables are township officers. Arkansas Constitution, Art. 7, § 47 and Hutcheson v. Pitts,170 Ark. 248, 278 S.W. 639 (1926). Arkansas statutes require counties to provide workers' compensation coverage for their officials, employees, and municipal volunteer firefighters. A.C.A. §14-26-101. It does not appear that a constable is a county official or employee. He is a township official. It is thus my opinion that current law does not require a county to provide workers' compensation coverage for constables.
Your fifth question is whether constables are entitled to the same fees for process as the sheriff and other process servers. The fees that constables may charge are set out at A.C.A.21-6-308. These fees differ from those charged by sheriffs, which are set out at A.C.A. § 21-6-307. It should be noted also, that A.C.A. § 16-17-114 (b) prohibits, in some cities, the receipt of fees by constables in criminal cases.
Your sixth question is whether fees collected for process serving need to be turned into the county treasurer. We assume your question is in to regard to constables, and the answer is "yes". A.C.A. § 21-6-308(b) provides that "[a]ll constables in this state shall collect and account for all fees collected and the fees shall be deposited with the county treasurer. . . ."
Your seventh question is whether counties are required to provide "false arrest" liability insurance for constables, sheriffs, and deputies; and if not, whether it would be in the best interest of the counties to do so. We can find no such requirement. Counties and officers and employees thereof are immune from liability in most instances. See A.C.A. § 21-9-301,Autry v. Lawrence, 286 Ark. 50, 696 S.W.2d 315 (1985) andMatthews v. Martin, 280 Ark. 345, 658 S.W.2d 374 (1983). Whether it would be in the best interest of the counties to acquire "false arrest" liability insurance for county officers and constables is a decision to be made by each county based upon advice of their respective counsel.
Your eighth question is whether one dollar per year constitutes a salary. We assume your question refers to the fact that some Arkansas constables only receive one dollar per year in salary. We cannot answer this question in the abstract. One dollar per year may be a salary for some purposes, (i.e. under some statutory provisions), and it may not be for others. The issue will have to be determined on a case-by-case basis in the context of the use of the term "salary".
Your ninth question inquires as to the duties of constables. These duties are generally set out at A.C.A. §§ 16-19-301 and16-19-503. They include being a conservator of the peace, arresting certain offenders, and serving process. It should be noted that Senate Bill 21, introduced this session, would give municipalities the power to set the authority of constables. The bill has not become law as of this date.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb