The Honorable Bill Clinton Governor of Arkansas State Capitol Little Rock, Arkansas 72201
Dear Governor Clinton:
This is in response to your request for an opinion on the constitutionality of Section 13(c) of Act 1173 of 1991. You note that that act allows the state, through State Building Services, to purchase office space and real property available in the commercial market. You also note that Section 13(c) of that act provides as follows:
 State Building Services is hereby prohibited from utilizing the proceeds of any bonds issued under this Act to acquire by purchase, exchange, barter, gift, eminent domain, long-term lease or other means the capital improvements located on the property described as Lots 7, 8, 9, 13, 14 and 15 and the East 33 feet 4 inches of Lots 10 and 12 in Block 344 of Beach's Subdivision, an addition to the City of Little Rock, Arkansas, as designated on the plat of said addition now appearing of record in Deed Book 4, page 586, in the Office of the Recorder of Pulaski County, Arkansas.
You note that the obvious intent of this paragraph is to prohibit the state from purchasing the specific property described above, and are concerned that this paragraph may violate the prohibition contained in Amendment 14 to the Arkansas Constitution against "special legislation," as well as the privileges and immunities clause found at art. 2, § 18, and the equal protection clause of the United States Constitution.
For the reasons that follow, it is my opinion that Section 13(c) of Act 1173 of 1991 is violative of Amendment 14 to the Arkansas Constitution as impermissible "special legislation." It is therefore unnecessary to determine whether the provision is also violative of the privileges and immunities, equal protection, or separation of powers doctrine, all of which in my opinion are implicated.
Amendment 14 provides:
 The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts.
The difference between general, local, and special legislation was most recently announced in City of Little Rock v. Waters,303 Ark. 363, 797 S.W.2d 426 (1990) as follows:
 A general law is one that operates upon all counties, cities and towns alike. A law is special in a constitutional sense when by force of an inherent limitation it arbitrarily separates some person, place or thing from those upon which, but for such separation it would operate and a local law is one that applies to any subdivision or division of the state less than the whole.
303 Ark. at 371, citing Board of Trustees v. Beard,273 Ark. 423, 620 S.W.2d 295 (1981), and Thomas v. Foust, 245 Ark. 948,435 S.W.2d 793 (1969).
It has also been stated that:
 While this Court has from time to time attempted to define `local' or `special' within the meaning of Amendment 14 . . . it is very difficult to frame an all-inclusive definition, and perhaps it is best that we not attempt to do so. Within the meaning of Amendment 14, a statute is not necessarily `special' if it applies only to some limited persons or things; nor is a law invariably `local' if it applies only to a limited area. It depends in each case upon the subject matter of the legislation, the need to be met and the classification used or factors considered to ensure fairness and non-discrimination in the application of the statute.
Littleton v. Blanton, 281 Ark. 395, 404-405, 665 S.W.2d 239
(1984).
It has been stated that in light of these definitions, the test to be applied in determining whether there is an arbitrary separation is the "rational basis test." Streight v. Ragland,280 Ark. 206, 655 S.W.2d 459 (1983). This test determines whether a particular classification is rationally related to a legitimate state purpose. Burris v. Sewer Imp. Dist. No. 147,743 F. Supp. 655 (E.D. Ark. 1990).
It has also been stated in this regard that:
 . . . generality ends and speciality begins where the class established by the act has no reasonable relation to the purpose or subject matter of the enactment or omits from its operation persons or areas which would fall naturally into the class to which the act is limited.
Littleton v. Blanton, at 398-399.
There is no question, in my opinion, that Section 13(c) of Act 1173 of 1991 separates a particular thing, (i.e. a particular parcel of property) from a category in which it would naturally fall, but for the separation. The question is whether this separation is "arbitrary" or whether it is rationally related to any legitimate state purpose. I can conceive of no legitimate state purpose in excluding one particular piece of property from the broad authority granted State Building Services to acquire office space by purchasing virtually any available site in the City of Little Rock. As was stated in Allendale Nursing Home v.Borough of Allendale, 141 N.J. Super. 155, 357 A.2d 333 (1976):
 . . . a law is special in a constitutional sense when, through an inherent limitation, it arbitrarily separates some persons, places or things from others upon which, but for such limitation, it would operate. In other words, what makes a law special is not what it includes but rather what it excludes. The question in every case . . . is whether any appropriate object is excluded from the effect of the law. [Emphasis added.]
357 A.2d at 336.
It is my opinion, after viewing the language of the act, that there is no rational basis for excluding one particular parcel of property from the provisions of the act. Section 13(c) of Act 1173 of 1991 therefore violates Amendment 14 to the Arkansas Constitution, and would, in my opinion be struck down by a court on this basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb