The Honorable Jerry Hunton State Representative 14221 Greasy Valley Road Prairie Grove, Arkansas 72753
Dear Representative Hunton:
This is in response to your request for an opinion regarding Act 993 of 1991. Specifically, you ask whether this act would prohibit certain individuals in Washington County from siting a new landfill about twelve miles from an existing landfill.
It is my opinion that the provisions of Act 993, now codified at A.C.A. § 8-6-218 (Cum. Supp. 1991), do apply to Washington County and would prevent the issuance of a new permit for a landfill within fifteen miles of an existing landfill, unless the act is construed as "special legislation," and therefore invalid, by a court of competent jurisdiction or deemed unconstitutional by the Pollution Control and Ecology Commission which is the state agency charged with the responsibility of issuing the permit.
You have stated that the act says, "certain counties with 100,000 population and the Arkansas River running thru it cannot site landfills within 15 miles of another landfill site." This is not a correct summation of the act, which provides as follows:
 (a)(1) The Arkansas Pollution Control and Ecology Commission shall not issue a permit for a new landfill to be located within fifteen (15) miles of an existing landfill.
 (2) Provided, however, that this prohibition shall not apply to any landfill which is established by a business entity for the sole purpose of accepting waste generated by that entity.
 (b) The fifteen-mile limitation set forth in this section shall not apply to municipal landfills being permitted concurrent with the submittal of a post-closure plan for an existing municipal landfill.
 (c) This section shall not apply to the expansion of existing landfills for a period of three (3) years from April 8, 1991.
 (d) This section shall only apply to counties with a population of one hundred thousand (100,000) or more, excepting the northern portion of any county with a population of one hundred thousand (100,000) or more which is divided by the Arkansas River. [Emphasis added.]
The statute above, specifically subsection (d), makes the act applicable to all counties with a population of 100,000 or more. Washington County now falls within this classification (estimated 1990 population 113,409). The only other county to which the act is applicable is Pulaski County. The act also exempts from its provisions, however, the northern portion of any such county (a county over 100,000 population) divided by the Arkansas River. The only such county is Pulaski County. Thus the act is applicable to the southern portion of Pulaski County, but not the northern portion, and to the whole of Washington County.
The act therefore, according to its terms, is applicable to Washington County and prohibits the issuance of a permit for a new landfill to be located within 15 miles of an existing landfill in that county. This is true unless the new landfill fits one of the exceptions listed in A.C.A. § 8-6-218(a)(2), (b), or (c).
A question may arise, however, as to the constitutionality of this Act under Amendment 14 to the Arkansas Constitution, which provides:
 The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts.
Act 993, by virtue of its population classifications and exceptions, only applies to one and a half counties in the state. It has been stated that "[a]n act is special if by some inherent limitation or classification it arbitrarily separates some person, place, or thing from those upon which, but for such separation, it would operate, and the legislation is local if it applies to any division or subdivision of the state less than the whole." Owen v. Dalton, 296 Ark. 351, 354, 757 S.W.2d 921
(1988), citing Board of Trustees for Little Rock PolicePension Fund v. City of Little Rock, 295 Ark. 585,750 S.W.2d 950 (1988). It has also been held that:
 The controlling question before us is whether the limitations or classifications . . . bear a reasonable relation to the purpose of the law. [Citation omitted.] In that regard, if the classifications are such that the legislation applies only to political subdivisions of a certain population, the legislation is local if relative population has nothing to do with the subject-matter of the law. [Citation omitted.]
Dalton, 296 Ark. at 354.
There is no evidence on the face of the act as to the purpose of the population classifications. The emergency clause of the act states as follows:
 It is hereby found and determined by the General Assembly that it is in the best interest of the citizens of this state that landfills be spaced at least fifteen (15) miles apart; that this act is necessary to protect the health of the citizens of this state; and that this act should become effective immediately. . . .
This clause does not state why the act is in the best interest of, and necessary to protect the health of, only citizens in the one and a half counties to which it is applicable.
The determinative issue governing the act's constitutionality is whether the General Assembly could have had a rational basis to impose this fifteen mile limitation only in counties with populations of 100,000 or over, and to exclude its application to the northern portion of Pulaski County. Although this question is to an extent a question of law, a court faced with the question will look to the evidence presented in a particular case to determine whether a rational basis exists. Knoop v. City ofLittle Rock, 277 Ark. 13, 638 S.W.2d 670 (1982) (stating that "we are unable to discern from the act and the evidence presented that there is any reasonable connection between a city having a population exceeding 100,000 and the desirability of the act's . . . provisions"). Id. at 16. It should also be noted that statutes are "presumed to be framed in accordance with the Constitution, and should not be held invalid for repugnance thereto unless such conflict is clear and unmistakable." Boardof Trustees of Municipal Judges and Clerks Fund, City of LittleRock v. Beard, 273 Ark. 423, 620 S.W.2d 295 (1981).
On the face of the act, and under the limited facts I have been presented, I cannot theorize a definite rational connection between the need to have landfills spaced fifteen miles apart, and the needs of counties having a population of 100,000 or more, but not the northern portion of such counties divided by the Arkansas River. It is possible, however, that the legislature could have deemed this restriction necessary to protect the more heavily taxed water resources in densely populated areas. This rationale, however, does not explain the exclusion of the northern portion of Pulaski County. In my opinion, therefore, it is unclear whether a court faced with the question would hold Act 993 of 1991 unconstitutional as invalid special or local legislation, thereby rendering its provisions void.
The question of whether the individuals you mention can obtain a permit for location of the desired landfill will depend upon such a court action, or the action of the Pollution Control and Ecology Commission, based upon its assessment of the constitutionality of the act.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh