The Honorable Denny Altes State Representative 8600 Moody Road Fort Smith, AR 72903
Dear Representative Altes:
I am writing in response to your request for my opinion regarding the constitutionality of section (a)(1) of Act 551 of 1997, codified at A.C.A. § 8-10-303(a)(1)(A) (Repl. 2000), which provides:
 Due to the noise pollution and air pollution from the racing vehicles and traffic congestion caused by motor vehicle racing facilities, no motor vehicle racing facility shall be constructed in this state after passage of this section without the consent of at least seventy-five percent (75%) of the property owners and seventy-five percent (75%) of the adult residents within three (3) miles of the outside boundary of the proposed facility and without an annual permit issued by the Arkansas Department of Environmental Quality ["ADEQ"].[1]
You have attached to your request a letter from counsel to one of your constituents opining that this statute is" constitutionally suspect." Specifically, counsel summarizes his client's objections as follows:
 You stated that your concern was that the obvious intent of this paragraph is to prohibit any person from realistically being able to develop or build a motor vehicle racing facility anywhere in the state of Arkansas because this legislation (1) singles out this particular group and applies a [sic] unreasonable notice standard which is not applied to any other permittee of the ADEQ, (2) creates an affirmative election or consent requirement of property owners that is unreasonably high and unnecessary to the government role in regulating motor vehicle racing facilities, and (3) creates an unworkable and unenforceable standard which is not subject to objection evaluation or verification, i.e., the seventy-five (75%) consent requirement of adult residents in a particular area. Most of all, you are concerned that Section (a)(1) may violate the prohibition contained in Amendment 14 to the Arkansas Constitution against "special legislation," as well as the privileges and immunities clause found at Art. 2, Section 18 of the Arkansas Constitution, and the equal protection clause of the United States Constitution.
Counsel advises that having reviewed unidentified state and federal case law, he is persuaded that the statute is" violative of one, or more, of the constitutional areas referenced above."
RESPONSE
I do not believe the statute at issue is objectionable for any of the reasons set forth in the material you have supplied with your request.
Although your constituent's counsel represents "that the act prescribes a notice requirement as a prerequisite to filing for a permit with the [ADEQ] which is not imposed upon any other permitee of the ADEQ," neither Act 551 nor A.C.A. § 8-10-303 contains any requirement of notice before filing for a permit. I consequently cannot address this concern.
With respect to your constituent's second concern, I do not believe the legislature abused its authority in requiring that 75% of adult residents within a 3-mile radius approve the construction of an automobile racetrack. As the Arkansas Supreme Court noted in City Of Lowell v. M N Mobile Home Park, 323 Ark. 332, 336, 916 S.W.2d 95 (1996):
 The legislative power includes discretion to determine the interests of the public as well as the means necessary to protect those interests. Within constitutional limits, the legislative branch is the sole judge of the laws that should be enacted for the protection and welfare of the people and when and how the police power of the State is to be exercised. Missouri North Arkansas R.R. Co. v. State, 92 Ark. 1, 121 S.W. 930 (1909).
I believe the state's interest in controlling noise pollution, air pollution and traffic congestion is obvious, and I am unaware of any authority for the proposition that the legislature may not address these problems through legislation.
I also disagree with the contention that the statute "creates an unworkable and unenforceable standard which is not subject to objective evaluation or verification." On its face, the statute is straightforward in setting forth the substantive requirements for approving a racetrack and the procedure for obtaining that approval. I see no basis for concluding that the standard is "unworkable and unenforceable." For your information, I am enclosing Ark. Op. Att'y Gen. No. 2000-282, in which I address the statutory mechanism for obtaining the requisite property owners' consent.
I likewise see no basis for your constituent's constitutional concerns. First, I do not believe the statute constitutes" special legislation" in violation of Ark. Const. amend. XIV, which provides: "The General Assembly shall not pass any local or special act." In City of Little Rockv. Waters, 303 Ark. 363, 797 S.W.2d 426 (1990), the Arkansas Supreme Court distinguished "special legislation" as follows:
 A general law is one that operates upon all counties, cities and towns alike. A law is special in a constitutional sense when by force of an inherent limitation it arbitrarily separates some person, place or thing from those upon which, but for such separation it would operate and a local law is one that applies to any subdivision or division of the state less than the whole.
 303 Ark. at 371, citing Board of Trustees v. Beard, 273 Ark. 423, 620 S.W.2d 295 (1981), and Thomas v. Foust, 245 Ark. 948, 435 S.W.2d 793
(1969).
I presume your constituent feels that the category of racetrack proponents has been arbitrarily singled out for onerous legislative control. However, as one of my predecessors noted in Ark. Op. Att'y Gen. No. 87-112:
 That a law is limited in effect to only one or a few classifications does not necessarily condemn it as a special or local legislation if the classification is not arbitrary and bears a reasonable relation to the purpose of the act. Thomas v. Foust, 245 Ark. 948, 435 S.W.2d 793
(1969). The legislature is constitutionally permitted to resort to classification where differences in effect of a statute are reasonably related to the purpose of the law, and a classification is valid where it is prospective and reasonable. Whitaker v. Carter, 386 S.W.2d 498, 238 Ark. 1074 (1965). The Arkansas Supreme Court has applied the "rational basis" test, akin to equal protection analysis under the Fourteenth Amendment of the United States Constitution, in determining whether a particular act is special legislation. In essence, the "rational basis" test, imposes a burden on the party seeking to prove legislation unconstitutional to show that the act in question "is not rationally related to achieving any legitimate objective of state government under any reasonably conceivable state of facts." (emphasis by the court). Streight v. Ragland, 280 Ark. 206, 655 S.W.2d 459
(1983).
Controlling noise pollution, air pollution and traffic congestion clearly qualifies as a legitimate state objective, and the statute at issue is just as clearly rationally related to achieving that end. The statute is consequently not" special legislation."
As reflected in the passage just quoted, this same rational-basis analysis supports rejecting the suggestion that the statute offends theFourteenth Amendment to the United States Constitution, which ensures citizens due process and equal protection under the laws. In my opinion, the statute is unquestionably a rational means of achieving the ends it recites.
Finally, I do not believe the statute offends Ark. Const. art. II, § 18, which provides: "The General Assembly shall not grant to any citizen or class of citizens privileges or immunities which upon the same terms shall not equally belong to all citizens." The statute subjects all citizens to the same standard for approving or disapproving a racetrack within the prescribed area. This nondiscriminatory legislation does not implicate the privileges and immunities clause.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosure
[1] The subject matter of A.C.A. § 8-10-303 is addressed in two currently pending bills: Senate Bill 987, sponsored by Senator Wilkins, and House Bill 1614, sponsored by yourself.