The Honorable Mike Huckabee Governor of Arkansas State Capitol, Suite 250 Little Rock, Arkansas 72201
Dear Governor Huckabee:
I am writing in response to your request for an opinion on whether a person appointed by the Governor to fill a vacancy in the office of district judge is eligible to run for the office or "succeed" himself after the appointed term expires. You note that your question arises in light of newly adopted Amendment 80 to the Arkansas Constitution.
RESPONSE
It is my opinion that the answer to your question is "no."
Amendment 80, adopted by the people at the November 2000 general election, revised Article 7 of the Arkansas Constitution, which governs the judicial branch. The Amendment reorganized the judicial branch of government and among other things, redesignated the officers formerly known as "municipal judges" as "district judges." You note that "[p]rior to the passage of Amendment 80, when a municipal judge resigned, the appointment was made under Article 7, § 50 of the Arkansas Constitution." You cite Johnson County Election Commissioners v. Holman, 280 Ark. 128,655 S.W.2d 408 (1983) and Ops. Att'y Gen. 93-314 and 86-372 for this proposition. You also state that prior to the passage of Amendment 80, "the person appointed was not prohibited from seeking that same position as persons appointed under Amendment 29." You cite Means v. Terral,145 Ark. 443, 225 S.W. 601 (1920) for this proposition. You note, however, that Amendment 80 provides merely that "[v]acancies in these [circuit and district judge] offices shall be filled as provided by this Constitution." See Amendment 80, § 17(B). You also note that the General Assembly passed Act 1693 of 2001 at the last legislative session. That act became effective on July 1, 2001 and provides in Section 2 that: "A vacancy in a district court judgeship shall be filled in the same manner and subject to the same restrictions as for vacancies under Amendment 29
of the Arkansas Constitution." Amendment 29 provides, with exceptions not relevant here, that vacancies in all "elective state, district, circuit, county, and township offices" shall be filled by appointment by the Governor. Amendment 29, § 1. Section 2 of Amendment 29 provides in pertinent part that "No person appointed under Section 1 shall be eligible for appointment or election to succeed himself."
Municipal offices are not mentioned in Amendment 29 and this is why under prior law, vacancies in municipal judgeships were filled pursuant to art. 7, § 50 and not Amendment 29. Similarly, for this same reason, the prohibition against succeeding oneself found in Amendment 29, § 2 did not, under prior law, apply to appointees filling vacancies in municipal judgeships.
Your question is whether Amendment 80 has changed the law on this point. It is my opinion that is has. Obviously, the legislative act you mention, Act 1693 of 2001, provides that Amendment 29, along with its "restrictions" is the applicable provision. In my opinion Act 1693 clearly envisions that district court appointees will not be eligible to succeed themselves under Amendment 29, § 2. A legislative act, of course, cannot run contrary to a constitutional provision. Every presumption will be afforded to the constitutionality of such an act, however, and it will not be declared unconstitutional unless the conflict with the constitution is clear and unmistakable. See, e.g., Board ofTrustees of Municipal Judges and Clerks Fund, City of Little Rock v.Beard, 273 Ark. 423, 620 S.W.2d 295 (1981). An analysis of the pertinent constitutional provisions is therefore also necessary.
Amendment 80 provides only that vacancies in offices of district judge "shall be filled as provided by this Constitution."[1] This statement could only have reference to one of three provisions contained in the Arkansas Constitution. It must either refer to article 7, § 50; Amendment 29, or article 6, § 23. Article 7, § 50, which was the formerly applicable provision as to municipal judges, was repealed by Amendment 80 effective July 1, 2001. See Amendment 80, § 22. It thus cannot have been the provision intended by the drafters to control the question. Article 6, § 23 provides that "When any office from any cause may become vacant,and no mode is provided by the Constitution and laws for filling such vacancy, the Governor shall have the power to fill the same by granting a commission, which shall expire when the person elected to fill said office, at the next general election, shall be duly qualified." (Emphasis added). This is not the applicable provision because a method for filling vacancies in district judgeships is provided by law, namely by Act 1693 of 2001. Article 6, § 23 only applies in the event that neither the constitution nor any law addresses the question. It has also been held that article 6, § 23 "refers to other than municipal offices." Hogins v.Bullock, 92 Ark. 67, 121 S.W. 1064 (1909). There may be some question as to the proper categorization of "district judges" under Amendment 80 as "municipal officers," "district officers," or some other type of officers. If the office of "district judge" remains a municipal office, however, neither article 6, § 23 nor Amendment 29 is the applicable provision and there simply is no applicable constitutional provision governing the filling of these vacancies. If the office of district judge is something other than a municipal office, it appears that Amendment 29, which applies to state, county and "district" offices, would apply rather than article 6, § 23, as the latter is merely a "fallback" provision, applicable if no other constitutional provision or law is.
The only applicable constitutional provision, therefore, which could now govern the filling of district judge vacancies is Amendment 29, including Amendment 29, § 2, which contains the provision against appointees succeeding themselves in office.[2] In my opinion, therefore, Act 1693 of 2001 is not unconstitutional in this regard and that act and Amendment 29 control the question.
In my opinion, therefore, the answer to your question is "no." An appointee to a district judgeship may not run to succeed himself after the expiration of the appointed term.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Section 19 (A)(3) of Amendment 80 provides that: "Municipal Court Judges in office at the time this Amendment takes effect shall continue in office through December 31, 2004; provided, if a vacancy occurs in an office of Municipal Judge, that vacancy shall be filled for a term which shall end December 31, 2004."
[2] Of course, Amendment 29, § 4, which controls the length of the appointees service, has in all likelihood been superseded as to district judges by the more particular provisions of Amendment 80, § 19 (A)(3), which states that persons appointed to fill vacancies in district judgeships shall serve until December 31, 2004.